UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON WALKER,<br><br>             Plaintiff,<br><br>     vs.<br><br>JOSEPH HARMON, individual capacity, and BLACK HILLS FUGITIVE TASK FORCE,<br><br>             Defendants. | CIV. 15-5037-JLV<br><br><br><br>ORDER |

## INTRODUCTION

On May 11, 2015, plaintiff Clayton Walker filed a complaint against the above-captioned defendants pursuant to 42 U.S.C. § 1983.   (Docket 1). Defendant Black Hills Fugitive Task Force ("Task Force") failed to respond and the Clerk of Court entered default in Mr. Walker's favor.   (Docket 20). Defendants move to set aside the entry of default and to dismiss Mr. Walker's complaint.   (Dockets 23 & 29).   Mr. Walker moves the court to grant default judgment and for summary judgment.   (Dockets 21 & 35).

## BACKGROUND

In September 2014, Mr. Walker was arrested by the Task Force in his home in Black Hawk, South Dakota.   (Docket 1 at ¶¶ 3, 9).   Mr. Walker alleges deputy United States Marshal Joseph Harmon entered his residence without a search warrant and when he tried to surrender he was forced to the ground and kneed in the spine.   Id. at ¶¶ 14-22.   Mr. Walker filed this action under § 1983, seeking "damages for false impressments, [e]xcessive force, assault, trespass and

gross negligence. . . . pursuant to 42 USCA 1983 and 42 USCA 1988 and the Fourth and [F]ourteenth Amendments to the United Sates Constitution." Id. at ¶¶ 2, 5.   Mr. Walker also alleges South Dakota state law claims of "false arrest, assault, [e]xcessive force, trespass, negligence and false imprisonment" pursuant to the court's supplemental jurisdiction under 28 U.S.C. § 1367.   Id. at ¶ 6.

After defendants failed to respond to the complaint, Mr. Walker moved for entry of default against Deputy Harmon (Docket 11) and the Task Force. (Docket 19).   The Clerk of Court denied the motion against Deputy Harmon (Docket 13) but granted the motion against the Task Force.   (Docket 20).   Mr. Walker now moves the court to enter a default judgment against the Task Force. (Docket 21).   Defendants move to set aside the clerk's entry of default against the Task Force.   (Docket 23).   Defendants argue the Task Force does not have the capacity to be sued and, to the extent it is being sued "under the umbrella of the U.S. Marshals Service," the time to answer had not yet run when it responded.   (Docket 24 at p. 2).   As is discussed more fully below, defendants also move to dismiss Mr. Walker's complaint under various legal theories. (Dockets 29 & 30).

## DISCUSSION

### A.   Current Pleadings

The defendants couch their motion as a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction or, alternatively, under Rule

2

12(b)(6) for failure to state a claim on which relief can be granted.   (Docket 30 at p. 1).   In light of the Rule 12(b)(1) motion, defendants rely on matters outside of the pleadings in arguing the merits of the motion to dismiss.   Id. at 6.   While the court can consider matters outside of the pleadings when resolving a Rule 12(b)(1) motion, see Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)), this is not true for many of the arguments defendants made under the auspices of their Rule 12(b)(1) motion.

The Task Force's primary argument in support of its motion to set aside the clerk's entry of default, its response to Mr. Walker's motion for default judgment, and its portion of defendants' motion to dismiss is that it is not an entity capable of being sued.   See Dockets 24 at pp. 6-9; 30 at pp. 7-8. Underlying the Task Force's assertion are the statements contained in the declaration of Deputy Harmon (Docket 25), which is in turn supported by the arrest warrant for Mr. Walker (Docket 25-1) and the U.S. Marshals Service Report of Investigation for Mr. Walker.   (Docket 25-2).   The Task Force's argument that it is not an entity capable of being sued is not the proper basis for a Rule 12(b)(1) motion to dismiss.

The Task Force's cited authority demonstrates this.   See Docket 30 at p. 7.   In Brown v. Fifth Judicial Dist. Drug Task Force, the United States Court of Appeals for the Eighth Circuit, on plain error review, upheld a district court's grant of a Rule 12(b)(6) motion to dismiss and determined the defendant, the

3

Fifth Judicial District (of Arkansas) Drug Task Force, was a multi-governmental unit that was not capable of being sued.   255 F.3d 475, 476-78 (8th Cir. 2001). In support of this conclusion, the Eighth Circuit noted "authorities more directly in point appear to be uniform in holding that drug task forces similar to the defendant in this case are not separate legal entities subject to suit."   Id. at 477-78 (citing Eversole v. Steele, 59 F.3d 710 (7th Cir. 1995); Hervey v. Estes, 65 F.3d 784, 792 (9th Cir. 1995); Dillon v. Jefferson County Sheriff's Department, 973 F. Supp. 626 (E.D. Tex. 1997); Alexander v. City of Rockwall, No. CIV.A. 3:95- *478 CV-0489, 1998 WL 684255 (N.D. Tex., Sept. 29, 1998).

Eversole, Hervey and Dillon were resolved through summary judgment motions.   Alexander was resolved through a Rule 12(b)(6) motion to dismiss. None were resolved through a Rule 12(b)(1) motion to dismiss.   See Klebanow v. New York Produce Exch., 344 F.2d 294, 296 n.1 (2d Cir. 1965) ("Although the defense of lack of capacity is not expressly mentioned in rule 12(b), the practice has grown up of examining it by a 12(b)(6) motion when the defect appears upon the face of the complaint.").   See also 5A Fed. Prac. & Proc. § 1294 (3d ed.) (A defendant's denial of capacity can be raised through "a motion to dismiss for failure to state a claim for relief" or as a motion for summary judgment "[i]f the motion is supported by matters outside the pleadings, it may be treated as a motion for summary judgment.").

The Task Force also asserts to the extent Mr. Walker brings "official capacity" claims against it under the umbrella of the United States Marshals

4

Service, he failed to properly accomplish service under Fed. R. Civ. P. 4(i)(2) and his complaint must be dismissed.   (Docket 30 at p. 10).   The Task Force contends Mr. Walker failed to properly serve a copy of the summons on the United States Attorney's Office.[1]   Id.   Motions to dismiss for insufficient service of process are properly brought under Fed. R. Civ. P. 12(b)(5)—not Rule 12(b)(1). See Rasor v. Fed. Bureau of Prisons, No. CIV. 05-981(DWF/FLN), 2006 WL 1174221, at *4 (D. Minn. May 1, 2006).

Deputy Harmon, as part of defendants' Rule 12(b)(1) motion to dismiss, argues Mr. Walker's claims must be dismissed because Harmon is entitled to qualified immunity.   (Docket 30 pp. at 11-12).   The court typically resolves claims of qualified immunity through a Rule 12(b)(6) motion to dismiss or a motion for summary judgment.   See, e.g., Capps v. Olson, 12-5025-JLV (Docket 40) (D.S.C. 2012).   Furthermore, the factual background provided in support of Deputy Harmon's claim of qualified immunity embraces statements contained in Deputy Harmon's declaration to the exclusion of the assertions in Mr. Walker's complaint.   See Docket 30 at p. 11; see also Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (In resolving a qualified immunity defense, "the court must determine whether, assuming the truth of the plaintiff's allegations, the official's conduct violated clearly established law.").

---

[1]Deputy Harmon makes a similar argument in his portion of defendants' motion to dismiss.   He asserts Mr. Walker failed to properly accomplish service under Fed. R. Civ. P. 4(i)(3) by failing to provide the United States Attorney's Office with a copy of the summons.   Id. at 13.

Deputy Harmon asserts Mr. Walker's individual capacity claims against him must be dismissed because he is an employee of the federal government and does not qualify as a state actor acting under color of state law.   (Docket 30 at pp. 12-13).   Deputy Harmon's assertions, like the Task Force's argument it is not an entity capable of being sued, rely heavily on his declaration and supporting documents, which are matters outside of the pleadings.   <u>See</u> Dockets 25, 25-1 & 25-2.   The defendants' alternative Rule 12(b)(6) motion also does this.   (Docket 30 at p. 15).

**B.    The Court's Interpretation of Defendants' Legal Arguments**

**1.    Defendants' Sovereign Immunity Arguments**

The court finds defendants' arguments to dismiss Mr. Walker's official capacity claims on the basis of sovereign immunity as properly raised in a Rule 12(b)(1) motion to dismiss.   <u>Id.</u> at 8-10.   Because Mr. Walker is a *pro se* plaintiff and his pleadings must be liberally construed and held to a less stringent standard, Mr. Walker shall be given leave to identify a waiver to the sovereign doctrine permitting his official capacity claims against the defendants.

**2.    Defendants' "Service" Arguments**

The court interprets defendants' "service" arguments as Rule 12(b)(5) motions to dismiss.   <u>Id.</u> at 10, 13.   Mr. Walker, as a *pro se* plaintiff, shall be given leave to serve the complaint and summonses in compliance with Fed. R. Civ. P. 4(i).

6

### 3.     Defendants' Remaining Arguments

The court interprets defendants' argument that Deputy Harmon does not constitute a state actor for purposes of a § 1983 claim as a joint Rule 12(b)(1) and Rule 12(b)(6) motion to dismiss.   (Docket 30 at pp. 12-13).   Defendants' arguments hinge on the court's acceptance of the statements in Deputy Harmon's declaration.   (Docket 25).   If the court finds Deputy Harmon was not acting under color of state law, then Mr. Walker failed to state a claim on which relief can be granted and he lacks standing to bring the claim.   See Jones v. United States, 16 F.3d 979, 981 (8th Cir. 1994) (holding that § 1983 "is inapplicable when a person acts under color of federal law."); see also Lytle v. Berg, 500 F. App'x 562, 562-63 (8th Cir. 2013).   If Mr. Walker lacks standing, the district court has no subject matter jurisdiction.   Faibisch v. University of Minnesota, 304 F.3d 797, 801 (8th Cir. 2002).

The court's resolution of whether Deputy Harmon acted under color of state law requires it to consider his declaration and supporting documents, which constitute matters outside of the pleadings.   Deputy Harmon's declaration also underlies defendants' assertion that the Task Force is not an entity that is capable of being sued and that Deputy Harmon is entitled to qualified immunity.   Defendants' latter two assertions, if raised as a motion to dismiss, are properly raised as a Rule 12(b)(6) motion which does not allow the court to consider matters outside of the pleadings.   The information contained in Deputy Harmon's declaration and supporting documents is pivotal to all three of

defendants' arguments.   The issues raised by defendants are interrelated.   The court's resolution of these issues is not only likely dispositive of defendants' motion to dismiss (Docket 29) but also defendants' motion to set aside the clerk's entry of default (Docket 23), plaintiff's motion for default judgment (Docket 21), and plaintiff's motion for summary judgment.   (Docket 35).   Mr. Walker is a *pro se* plaintiff without knowledge of the differing legal standards applicable to defense motions.

Under these circumstances, the court finds it prudent to consider defendants' arguments together under the same legal standard.   The court finds defendants' arguments that the Task Force is not an entity capable of being sued, that Deputy Harmon is entitled to qualified immunity, and that Deputy Harmon was not acting under color of state law as having been brought as a Rule 12(b)(6) motion to dismiss.   In light of the defendants' reliance on material outside of the pleadings, the court converts these three portions of defendants' motion to dismiss to a motion for summary judgment.

The court gives the parties notice that these three portions of defendants' motion to dismiss are converted to a motion for summary judgment under Rule 56(a).   The parties also are given notice that in resolving defendants' motion for summary judgment and motion to set aside default, as well as plaintiff's motion for default judgment and motion for summary judgment, the court will rely on Deputy Harmon's declaration and supporting documents.   <u>See</u> Dockets 25, 25-1 & 25-2.

8

> If, on a motion under Rule 12(b)(6), . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d); <u>see also</u> <u>Barron ex rel. D.B. v. S. Dakota Bd. of Regents</u>, 655 F.3d 787, 791 (8th Cir. 2011).

All parties presented disputed information from outside the pleadings in support of their positions. <u>See</u> Dockets 25, 25-1, 25-2, 36-1 & 32-1. Defendants' evidence concerning the nature of the Task Force as well as Deputy Harmon's actions and employment is necessary for the proper adjudication of defendants' motion to dismiss. No party will be prejudiced by the court converting these three portions of defendants' motion to dismiss to a motion for summary judgment. In light of the court's rulings and the importance of the referenced material, Mr. Walker must be given an opportunity to respond. <u>Barron ex rel. D.B.</u>, 655 F.3d at 791 (quoting <u>Country Club Estates, L.L.C. v. Town of Loma Linda</u>, 213 F.3d 1001, 1005 (8th Cir. 2000) ("[A] party against whom this procedure is used . . . is normally entitled to notice that conversion is occurring.").

Accordingly, it is

ORDERED that plaintiff and defendants are given notice that the court has converted to a motion for summary judgment under Fed. R. Civ. P. 56(a) the portions of defendants' motion to dismiss (Docket 29) seeking the dismissal of plaintiff's claims based on arguments that the Task Force is not an entity that is

capable of being sued, that Deputy Harmon is entitled to qualified immunity, and that Deputy Harmon was not a state actor under color of state law.

IT IS FURTHER ORDERED that all parties may file responses or supplemental material within **twenty-one (21) days** from the date of this order. The court will rule on the parties' motions for summary judgment, plaintiff's motion for default judgment, and defendants' motion to set aside default.

IT IS FURTHER ORDERED that Mr. Walker shall have **twenty-one (21) days** from the date of this order to identify an applicable waiver of sovereign immunity which supports his official capacity claims against the defendants.

IT IS FURTHER ORDERED that Mr. Walker shall have **twenty-one (21) days** from the date of this order to serve his complaint and summonses on the defendants in compliance with Fed. R. Civ. P. 4(i).

IT IS FURTHER ORDERED that if Mr. Walker fails to comply with this order, the court will, without further notice, dismiss the complaint without prejudice.

Dated August 1, 2016.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

10