UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON WALKER,<br><br>        Plaintiff,<br><br>  vs.<br><br>JOSEPH HARMON, individual capacity, and BLACK HILLS FUGITIVE TASK FORCE,<br><br>        Defendants. | CIV. 15-5037-JLV<br><br><br>ORDER |

## INTRODUCTION

On May 11, 2015, plaintiff Clayton Walker filed a complaint against defendants pursuant to 42 U.S.C. § 1983. (Docket 1). Defendants Black Hills Fugitive Task Force ("Task Force") failed to respond, and the clerk of court entered default in Mr. Walker's favor. (Docket 20). Defendants move to set aside the entry of default and to dismiss Mr. Walker's complaint. (Dockets 23 & 29). Mr. Walker moves for default judgment and summary judgment. (Dockets 21 & 35). The court gave notice to the parties it was converting portions of defendants' motion to dismiss into a motion for summary judgment. (Docket 42). Mr. Walker also moves to amend his complaint. (Docket 46). For the reasons below, the court grants in part and denies in part defendants' motions and denies plaintiff's motions.

## DISCUSSION

### I. Defendant Task Force's motion to set aside the entry of default

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). "When examining whether good cause exists, the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'" Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008) (citing Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)). The court will focus on the meritorious defense aspect of good cause because it is relevant to this case.

#### A. Existence of a meritorious defense

Showing an existing meritorious defense "underscore[s] the potential injustice of allowing the case to be disposed of by default, . . . thus triggering the incessant command of a court's conscience that justice be done in light of all the facts." Johnson, 140 F.3d at 784 (internal citations and quotation marks omitted). "Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party." Stephenson, 524 F.3d at 914 (citing Johnson, 140 F.3d at 785) (internal quotation marks and other citations omitted). "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." Id. (internal citation and quotation marks omitted).

In its motion to set aside the entry of default, defendant Task Force asserts it is not an entity subject to suit.  (Docket 24 at pp. 7-8).  In support of its motion, the Task Force provides a declaration from defendant Joseph Harmon, a Deputy United States Marshal and member of the Task Force, explaining the nature of the Task Force.  (Docket 25 at pp. 1-3).  Plaintiff's response to the Task Force's motion reasserts his motion for a default judgment, but does not explain whether the Task Force can be sued.  (Dockets 32 at pp. 1-2 and 43 at pp. 5-6).

In Brown v. Fifth Judicial Dist. Drug Task Force, the United States Court of Appeals for the Eighth Circuit, on plain error review, upheld a district court's determination the defendant Task Force was a multi-governmental unit that was not capable of being sued.  255 F.3d 475, 476-78 (8th Cir. 2001).  In support of this conclusion, the Eighth Circuit noted "authorities more directly in point appear to be uniform in holding that drug task forces similar to the defendant in this case are not separate legal entities subject to suit." Id. at 477-78 (citing Eversole v. Steele, 59 F.3d 710 (7th Cir. 1995); Hervey v. Estes, 65 F.3d 784, 792 (9th Cir. 1995); Dillon v. Jefferson County Sheriff's Department, 973 F. Supp. 626 (E.D. Tex. 1997); Alexander v. City of Rockwall, No. CIV.A. 3:95-CV-0489, 1998 WL 684255 (N.D. Tex., Sept. 29, 1998)).  The core question in these cases is whether creation of the task force meant to form a separate legal entity.  See, e.g., Eversole, 59 F.3d at 791-92.  Based on the declaration of Deputy Harmon, the Task Force in this case is not a discrete law enforcement agency.  (Docket 25 at p. 3).  The Task Force is "a joint,

intergovernmental cooperative law enforcement effort to locate and arrest federal, state, and local fugitives." Id.  The Task Force is not subject to suit. See Brown, 255 F.3d at 476-78.  Because the Task Force lacks the capacity to sue or be sued, it has a meritorious defense to plaintiff's claims.  Pursuant to Fed. R. Civ. P. 55(c), the court grants the motion to set aside the entry of default against the Task Force.[1]

## II.   Plaintiff's motion for default judgment as to the Task Force

The court denies plaintiff's motion for default judgment.  (Docket 21).

## III.  Defendants' motion to dismiss for insufficient service of process

Following the August 1, 2016, order plaintiff accomplished service in compliance with Rule 4(i).  (Docket 44 at p. 1).[2]

## IV.   Defendants' motion to dismiss for lack of subject matter jurisdiction

In their Rule 12(b)(1) motion to dismiss, defendants argue sovereign immunity bars plaintiff's suit against the Task Force and Deputy Harmon. (Docket 30 at pp. 8-10).  The United States and its agencies are generally immune from suit.  FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); Brown v. United States, 151 F.3d 800, 803-04 (8th Cir. 1998). "Sovereign immunity is a jurisdictional issue . . . ." Rupp v. Omaha Indian

---

[1]Because the Task Force meets the good cause standard by showing a meritorious defense, it is not necessary to examine other options for good cause in Fed. R. Civ. P. 55(c).  Section IV of this order, discussing the Task Force's sovereign immunity defense, applies to this section and is another example of a meritorious defense.  See infra Section IV.

[2]The court denies as moot defendants' motion to dismiss for failure to comply with Fed. R. Civ. P. 4(i).  (Docket 30 at p. 10).

4

Tribe, 45 F.3d 1241, 1244 (8th Cir. 1995).  If the government "possess[es] sovereign immunity, then the district court [has] no jurisdiction to hear [plaintiff's claims]."  Id.

For the purposes of defendants' 12(b)(1) motion, the court treats plaintiff's claims against the Task Force as claims against the United States Marshals Service.  As explained above, the Task Force is not a legal entity subject to suit.  According to Deputy Harmon, the Marshals Service "operates and supervises the Task Force . . . . [as] a joint operation of all participating law enforcement agencies, not a separate law enforcement agency."  (Docket 25 at p. 3).  To the extent plaintiff's claims could reach an entity with the capacity to be sued, the Marshals Service is that entity.  Plaintiff cannot bring his claims without identifying a basis for waiver of sovereign immunity by the United States Marshals Service.  See Meyer, 510 U.S. at 475.

Plaintiff's claims against Deputy Harmon in his official capacity function as a suit against the United States.  See Olivares v. L.A. Rampart Station, Civ. No. 14-5061, 2014 WL 6453833, at *3 (D.S.D. Nov. 17, 2014).  For Mr. Walker to sue Deputy Harmon, the waiver of sovereign immunity by the United States must be "unequivocally expressed."  Hagemeier v. Block, 806 F.2d 197, 202 (8th Cir. 1986) (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)) (internal quotation marks omitted).

Because Mr. Walker is proceeding *pro se,* his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v.

5

Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Plaintiff's complaint cites 28 U.S.C. § 1331, 42 U.S.C. § 1983 and 28 U.S.C. § 1343[3] as the bases for the court's jurisdiction.  (Docket 1 at pp. 1-2).  Plaintiff's response to defendants' motion to dismiss relies on § 1983 for jurisdiction.  (Docket 36 at p. 2).  Following the court's order to identify an applicable waiver of sovereign immunity, plaintiff cites § 1983, 18 U.S.C. § 242 and reasserts his allegations against defendants.  (Docket 43 at pp. 2-5).  Viewing plaintiff's *pro se* filings in a less stringent light, he still has not identified a waiver of sovereign immunity.

"Section 1331 sets forth the general federal question jurisdiction of federal district courts, but is not a general waiver of sovereign immunity allowing suits against the government."  Wright v. Langdeau, 158 F. Supp. 3d 825, 832 (D.S.D. 2016) (quoting Rosebud Sioux Tribe v. U.S. Bureau of Indian Affairs, 714 F. Supp. 1546, 1552 (D.S.D. 1989) (internal quotation marks omitted).

Section 1983 does not waive the government's sovereign immunity defense.  See Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999); Morpurgo v. Board of Higher Ed. In City of New York, 423 F. Supp. 704, 714 (S.D.N.Y. 1976) ("[T]he United States itself [cannot] be sued under [section 1983] . . . because [the statute does] not waive sovereign immunity."); Johnson v. U.S. Social Sec. Admin., No. C 03-5876,

---

[3]The complaint cites 42 U.S.C. § 1343.  (Docket 1 at p. 2).  The court assumes plaintiff means either 28 U.S.C. § 1343 or 42 U.S.C. § 1983.  The court's analysis of this issue does not change for section 1343 or 1983.

2005 WL 418543, at *3 (N.D. Cal. Feb. 17, 2005) (dismissing plaintiff's section 1983 claim for failing to identify waiver of sovereign immunity).

As to 28 U.S.C. § 1343, courts "which have considered the issue have concluded that [the statute] does not constitute a waiver of the sovereign immunity of the United States." Andrews v. Martinez, Case No. C-3-01-285, 2002 WL 31368850, at *3 (S.D. Ohio Aug. 21, 2002) (citing Salazar v. Heckler, 787 F.2d 527, 528 (10th Cir. 1986); Beale v. Blount, 461 F.2d 1133, 1138 (5th Cir. 1972); Brian v. Gugin, 853 F. Supp. 358, 363 (D. Idaho 1994), affirmed, 46 F.3d 1138 (9th Cir. 1995) (table); Royer v. I.N.S., 730 F. Supp. 588, 590 (S.D.N.Y. 1990)).

The final statute plaintiff cites, 18 U.S.C. § 242, is not a waiver of sovereign immunity. See Fetter v. United States, No. 91-35706, 1992 WL 203890, at *2 (9th Cir. Aug. 20, 1992) ("[S]ection 242, the criminal version of section 1983, is also a remedial statute and not a waiver of sovereign immunity."); Malik v. U.S. Department of Justice, Civil Action No. 12-30046, 2012 WL 4469131, at * 2 (D. Mass. July 19, 2012) (dismissing a § 242 claim that failed to identify sovereign immunity waiver); United States v. Goodman, Civil Action No. 11-cv-00274, 2012 WL 502807, at *4 (D. Colo. Jan. 4, 2012) ("18 U.S.C. §§ 242 and 1581 are sections of the criminal code that provide no private civil cause of action and do not demonstrate any intent by Congress to waive the United States' sovereign immunity.").

"The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction . . . ."

7

Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009).  Plaintiff does not meet this burden.  The court grants defendants' motion to dismiss for lack of subject matter jurisdiction.

**V.     Plaintiff's motion to amend the complaint**

Rule 15 of the Federal Rules of Civil Procedure governs plaintiff's ability to amend his complaint.  Fed. R. Civ. P. 15.  When the motion to amend comes more than 21 days after serving the complaint, plaintiff needs either the written consent of opposing parties or the court's leave in order to amend.  Fed. R. Civ. P. 15(a)(2).  Courts "freely give leave when justice so requires."  Id.  Because plaintiff lacks the written consent of defendants, the court must decide whether to give him leave to amend the complaint or deny the motion as futile.

"Amendment is futile if the proposed amended complaint does not establish a court's subject matter jurisdiction over the action."  American Ins. Co. v. St. Jude Medical, Inc., 597 F. Supp. 2d 973, 979 (D. Minn. 2009) (citing Longie v. Spirit Lake Tribe, 400 F.3d 586, 588 n.3 (8th Cir. 2005)).  Plaintiff's original complaint, response to defendants' motion to dismiss for lack of subject matter jurisdiction, and his recent argument responding to the August 1, 2016, order fail to establish subject matter jurisdiction.  Plaintiff proposes amending his complaint to add the United States as a defendant.  (Docket 46). Including the United States as a defendant does not change the court's determination that it lacks subject matter jurisdiction based on defendants' sovereign immunity defense.  Allowing the proposed amended complaint would

8

be futile. See United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005) ("[P]laintiffs do not have an absolute or automatic right to amend. . . . Futility is a valid basis for denying leave to amend."). The motion to amend the complaint is denied.

## VI. Defendants' motion for summary judgment

The August 1, 2016, order converted part of defendants' 12(b)(6) motion to dismiss into a motion for summary judgment.[4] (Docket 42 at 8-9). Defendants' summary judgment motion consists of three issues: whether the Task Force is an entity capable of being sued; whether Deputy Harmon was a state actor under color of state law; and whether Deputy Harmon is entitled to qualified immunity.[5] Id. at pp. 9-10.

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the facts, and inferences from those facts, in the light most favorable to the nonmoving party. See Matsushita Elec. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Helton v. Southland Racing Corp.,

---

[4]Although granting defendants' motion to dismiss for lack of subject matter jurisdiction is dispositive, the court rules on the parties' motions for summary judgment in the alternative.

[5]Even though plaintiff moved for summary judgment, the court need not analyze that motion because it lacks a substantive argument and fails to comply with Fed. R. Civ. P. 56(c) and South Dakota District Court Local Rule 56.1(A), which requires plaintiff to include a statement of undisputed material facts citing to the record.

600 F.3d 954, 957 (8th Cir. 2010) (*per curiam*).  Summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Allison v. Flexway Trucking, Inc., 28 F.3d 64, 66 (8th Cir. 1994).

### A.     Whether the Task Force is an entity capable of being sued

The court's discussion of this issue above controls.  The court finds the Task Force is not an entity capable of being sued.

### B.     Whether Deputy Harmon was a state actor under color of state law

The United States Marshals Service employs Joseph Harmon as a Deputy United States Marshal, and he serves as a member of defendant Task Force. (Docket 25 at p. 1).  As a federal employee, Deputy Harmon is not a state actor acting under color of state law.  See Jones v. United States, 16 F.3d 979, 981 (8th Cir. 1994) (citing Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984)); see also Olivares, 2014 WL 6453833, at *3 ("Federal officials do not act under state law.").  Lacking any evidence from Mr. Walker disputing Deputy Harmon's federal employee status, the court finds for Deputy Harmon on this issue.

Although Mr. Walker's central allegation rests on § 1983, the facts in his complaint appear closer to a Bivens[6] claim.  A Bivens claim is a constitutional claim brought against federal officials acting under color of federal law rather than state officials acting under color of state law.  See Bivens, 403 U.S. 388. A Bivens action "may not be asserted against the United States, its agencies, or against federal employees in their *official* capacity."  Chavez-Garcia v. Kopf, No.

---

[6]Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

4:06cv3114, 2006 WL 1401686, at *1 (D. Neb. May 18, 2006) (emphasis in original).  That is, unless the United States waives sovereign immunity.  See Dockery v. Miller County, Civil No. 4:10-cv-4070, 2011 WL 4975185, at *4 (W.D. Ark. Sept. 12, 2011).  Although Mr. Walker mentions constitutional rights in the complaint and his *pro se* filings deserve a liberal construction, he has not advanced a Bivens claim.  See Jones, 16 F.3d at 981 (affirming dismissal of a § 1983 claim without prejudice when there was potential for a Bivens action).

### C. Whether Deputy Harmon is entitled to qualified immunity

Analyzing whether qualified immunity protects Deputy Harmon would be necessary only if Mr. Walker made a Bivens claim.  The court need not resolve this issue because Mr. Walker did not plead a Bivens claim.

### ORDER

Based on the above analysis, it is

ORDERED that defendant Task Force's motion to set aside the entry of default (Docket 23) is granted.

IT IS FURTHER ORDERED that plaintiff's motion for default judgment as to the Task Force (Docket 21) is denied.

IT IS FURTHER ORDERED that defendants' motion to dismiss for insufficient service of process (Dockets 29 & 30 at pp. 10, 13) is denied as moot.

IT IS FURTHER ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction (Dockets 29 & 30 at pp. 8-10) is granted.

11

IT IS FURTHER ORDERED that plaintiff's motion to amend the complaint (Docket 46) is denied.

IT IS FURTHER ORDERED that plaintiffs' motion for summary judgment (Docket 35) is denied.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed without prejudice.

Dated September 26, 2016.

                      BY THE COURT:

                      /s/ *Jeffrey L. Viken*
                      JEFFREY L. VIKEN
                      CHIEF JUDGE